■ DAWN STAUBITZ, Appellant, v KHWAJA YASER, Respondent. [839 NYS2d 113]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), entered June 30, 2006, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

Contrary to the Supreme Court's determination, the defendant failed to establish, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). While the defendant's neurologist, in her affirmed report, opined that the plaintiff had full range of motion in her lumbar and cervical spine upon examination, the neurologist never examined the plaintiff's right shoulder, which was also alleged to have been seriously injured as a result of the subject accident (see Hughes v Cai, 31 AD3d 385 [2006]; Loadholt v New York City Tr. Auth., 12 AD3d 352 [2004]). In this regard, the Supreme Court could not have determined that no triable issues of fact remained as to any serious injuries with respect to her right shoulder since the neurologist, the only doctor for the defendant who physically examined her, never evaluated the right shoulder. Moreover, the report of the defendant's neurologist was based on her examination of the plaintiff on October 26, 2005, which was 10 months after the subject accident. The plaintiff stated both in her deposition testimony and her bill of particulars that as a result of the subject accident she missed over three months of work immediately following the subject accident. The plaintiff clearly alleged in her bill of particulars that she sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident. The defendant's neurologist failed to relate any of her findings to this category of serious injury for the period of time immediately following the accident (see Torres v Performance Auto. Group, Inc., 36 AD3d 894 [2007]; Talabi v Diallo, 32 AD3d 1014 [2006]; Sayers v Hot, 23 AD3d 453 [2005]).

While the defendant's radiologist reviewed the magnetic resonance imaging (hereinafter MRI) films taken of the plaintiff's cervical and lumbar spine in December 2004, the plaintiff's claimed injuries went beyond merely her cervical and lumbar spine and included her right shoulder. The affirmed medical report of the defendant's radiologist did not rule out the fact that the plaintiff may have sustained medically-determined injuries to the other areas of her body alleged to have been injured as a result of the subject accident, including

her right shoulder and lumbar spine. In this vein, despite reviewing the MRI file of the plaintiff's lumbar spine, the defendant's neurologist was unable to determine the cause of annular tears at the L3-4 and L4-5 levels of the plaintiff's spine.

Since the defendant failed to meet his prima facie burden, it is unnecessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Mastro, J.P., Ritter, Skelos, Carni and McCarthy, JJ., concur.