In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Flug, J.), entered September 6, 2011, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff Todd C. Luigi did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the order is affirmed, with costs.
The defendants failed to meet their prima facie burden of showing that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). The injured plaintiff alleged, inter alia, that he sustained certain injuries to his left shoulder as a result of the subject accident. Although the defendants asserted that those alleged injuries did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (see Toure v Avis Rent A Car Sys., 98 NY2d at 352; Gaddy v Eyler, 79 NY2d at 955-956), the defendants’ examining orthopedic surgeon recounted, in an affirmed report submitted in support of the defendants’ motion for summary judgment, that range-of-motion testing performed during his examination revealed the existence of a significant limitation in the left shoulder (see Scott v Gresio, 90 AD3d 736 [2011]). Further, the opinion of that physician that the left shoulder injuries were degenerative in nature and not causally related to the subject accident was too equivocal to satisfy the defendants’ prima facie burden of demonstrating that such injuries were not caused by a traumatic event (see Reyes v Diaz, 82 AD3d 484 [2011]; Spanos v Harrison, 67 AD3d 893, 894 [2009]).
*810 Since the defendants failed to meet their prima facie burden, the Supreme Court properly denied their motion for summary judgment without considering the sufficiency of the plaintiffs’ opposition papers (see Scott v Gresio, 90 AD3d at 737). Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur.