Melika v Caraballo (2020 NY Slip Op 06116)





Melika v Caraballo


2020 NY Slip Op 06116


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-12894
 (Index No. 502350/17)

[*1]Amir M. Melika, respondent, et al., plaintiffs, 
v
Santiago Caraballo, appellant, et al., defendants.


Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.
Law Office of Stefano A. Filippazzo, P.C., Brooklyn, NY (Louis A. Badolato of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Santiago Caraballo appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated October 1, 2019. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him by the plaintiff Amir M. Melika on the ground that the plaintiff Amir M. Melika did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action to recover damages for personal injuries they each allegedly sustained in a motor vehicle accident that occurred on January 31, 2016. The defendant Santiago Caraballo moved for summary judgment dismissing the complaint insofar as asserted against him by the plaintiff Amir M. Melika on the ground that Melika did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court denied the motion, and Caraballo appeals.
Caraballo failed to meet his prima facie burden of showing that Melika did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The papers submitted by Caraballo failed to eliminate triable issues of fact regarding Melika's claim, set forth in the bill of particulars, that he sustained a serious injury to the lumbar region of his spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Weiss v Durso, 178 AD3d 880, 880-881; cf. Staff v Yshua, 59 AD3d 614).
Since Caraballo did not sustain his prima facie burden, it is unnecessary to determine whether the papers submitted by Melika in opposition were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, we agree with the Supreme Court's determination to deny Caraballo's [*2]motion for summary judgment dismissing the complaint insofar as asserted against him by Melika.
AUSTIN, J.P., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court