Zennia v Ramsey (2022 NY Slip Op 05001)

Zennia v Ramsey

2022 NY Slip Op 05001

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2020-08779
 (Index No. 66400/18)

[*1]Yikarah Zennia, appellant, 
v
Curtis Ramsey, respondent, et al., defendants.

Budin, Reisman, Kupferberg & Bernstein, LLP, New York, NY (Gregory C. McMahon of counsel), for appellant.
Jennifer S. Adams, Yonkers, NY (Ronese R. Brooks of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated November 9, 2020. The order granted the motion of the defendant Curtis Ramsey for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Curtis Ramsey for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident that occurred on September 23, 2017. The defendant Curtis Ramsey (hereinafter the defendant) moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated November 9, 2020, the Supreme Court granted the defendant's motion, and the plaintiff appeals.
The defendant failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant failed to submit competent medical evidence establishing, prima facie, that the plaintiff did not sustain a serious injury to the cervical and lumbar regions of her spine and to her left shoulder under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Melika v Caraballo, 187 AD3d 1173, 1173; Staubitz v Yaser, 41 AD3d 698, 699; cf. Staff v Yshua, 59 AD3d 614). Further, the defendant failed to establish, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine and to her left shoulder were not caused by the accident (see Luigi v Avis Cab Co., Inc., 96 AD3d 809; Reyes v Diaz, 82 AD3d 484; see generally Jilani v Palmer, 83 AD3d 786, 787).
Since the defendant failed to meet his prima facie burden, it is unnecessary to determine whether the submissions by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d 969, 969).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court