Ceac v Baby Joseph (2023 NY Slip Op 01075)

Ceac v Baby Joseph

2023 NY Slip Op 01075

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-04082
 (Index No. 31686/18)

[*1]Marie Y. Ceac, appellant, 
v
Baby Joseph, respondent.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Scahill Law Group, P.C., Bethpage, NY (Gerard Ferrara of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated April 29, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in a motor vehicle accident. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated April 29, 2020, the Supreme Court granted the motion. The plaintiff appeals.
The defendant failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant failed to submit competent medical evidence establishing, prima facie, that the plaintiff did not sustain a serious injury to the cervical and lumbar regions of her spine and to her left shoulder under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Zennia v Ramsey, 208 AD3d 735, 735; Melika v Caraballo, 187 AD3d 1173, 1173; Staubitz v Yaser, 41 AD3d 698, 699). Furthermore, the defendant failed to establish, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine and to her left shoulder were not caused by the accident (see Zennia v Ramsey, 208 AD3d at 735; Luigi v Avis Cab Co., Inc., 96 AD3d 809; Reyes v Diaz, 82 AD3d 484; see generally Jilani v Palmer, 83 AD3d 786, 787).
Since the defendant failed to meet his prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d 969, 969).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court