Wickman v Kastavis (2023 NY Slip Op 03375)

Wickman v Kastavis

2023 NY Slip Op 03375

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2021-03352
 (Index No. 707387/17)

[*1]Penny Wickman, respondent,
v
Penelope G. Kastavis, appellant.

Vigorito, Barker, Patterson, Nichols & Porter, LLP, Valhalla, NY (Leilani J. Rodriguez and Adonaid C. Medina of counsel), for appellant.
Samuel & Stein, New York, NY (Andrew Beresin and Michael Samuel of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered April 30, 2021. The order denied the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in a motor vehicle accident. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order entered April 30, 2021, the Supreme Court denied the motion, and the defendant appeals.
The defendant failed to meet her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant failed to submit competent medical evidence establishing, prima facie, that the plaintiff did not sustain a serious injury to the cervical region of her spine under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Zennia v Ramsey, 208 AD3d 735, 735; Melika v Caraballo, 187 AD3d 1173, 1173; Staubitz v Yaser, 41 AD3d 698, 699). Furthermore, the defendant failed to establish, prima facie, that the alleged injuries to the cervical region of the plaintiff's spine were not caused by the accident (see Zennia v Ramsey, 208 AD3d at 735; Luigi v Avis Cab Co., Inc., 96 AD3d 809; Reyes v Diaz, 82 AD3d 484; see generally Jilani v Palmer, 83 AD3d 786, 787).
Since the defendant failed to meet her prima facie burden, it is not necessary to determine whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact as to whether she sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Che Hong Kim v [*2]Kossoff, 90 AD3d 969, 969). Additionally, since the defendant failed to establish that the alleged injuries to the cervical region of the plaintiff's spine were not caused by the accident, the burden never shifted to the plaintiff to explain any gap in treatment (see Cortez v Nugent, 175 AD3d 1383, 1384; see generally Pommells v Perez, 4 NY3d 566, 572).
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint.
The parties' remaining contentions need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court