Christian v My Car Auto Transp., Inc. (2023 NY Slip Op 04359)

Christian v My Car Auto Transp., Inc.

2023 NY Slip Op 04359

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-06468
 (Index No. 717918/18)

[*1]Maurice G. Christian, respondent, 
v
My Car Auto Transport, Inc., et al., appellants.

Carman, Callahan & Ingham, LLP, Farmingdale, NY (James M. Carman of counsel), for appellants.
William Schwitzer & Associates, P.C., New York, NY (Travis K. Wong of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), dated May 19, 2022. The order denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated May 19, 2022, the Supreme Court denied the motion. The defendants appeal.
The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants failed to submit competent medical evidence establishing, prima facie, that the plaintiff did not sustain a serious injury to the cervical and lumbar regions of his spine under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Zennia v Ramsey, 208 AD3d 735, 735; Melika v Caraballo, 187 AD3d 1173, 1173; Staubitz v Yaser, 41 AD3d 698, 699). Further, the defendants failed to establish, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine were not caused by the accident (see Zennia v Ramsey, 208 AD3d at 735; Luigi v Avis Cab Co., Inc., 96 AD3d 809; Reyes v Diaz, 82 AD3d 484; see generally Jilani v Palmer, 83 AD3d 786, 787).
Since the defendants failed to meet their prima facie burden, it is not necessary to determine whether the submissions by the plaintiff in opposition were sufficient to raise a triable issue of fact as to whether he sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; [*2]Che Hong Kim v Kossoff, 90 AD3d 969, 969).
IANNACCI, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court