Yoon Sik Moon v Ramirez (2024 NY Slip Op 03708)

Yoon Sik Moon v Ramirez

2024 NY Slip Op 03708

Decided on July 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-06843
 (Index No. 714798/19)

[*1]Yoon Sik Moon, respondent,
v
Paulo O. Ramirez, et al., appellants.

Litchfield Cavo LLP, New York, NY (Mark A. Everett of counsel), for appellants.
Sacco & Fillas, LLP, Astoria, NY (Elliot L. Lewis of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered August 19, 2022. The order denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained when he was struck by a motor vehicle owned by the defendant KND Licenced Electrical Contracting Services Corp. and operated by the defendant Paulo O. Ramirez. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order entered August 19, 2022, the Supreme Court denied the motion, determining that the defendants failed to establish, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d). The defendants appeal. We affirm, albeit on different grounds.
The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants failed to submit competent medical evidence establishing, prima facie, that the plaintiff did not sustain a serious injury to his left hip under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Zennia v Ramsey, 208 AD3d 735, 735; Melika v Caraballo, 187 AD3d 1173, 1173). Further, the defendants failed to establish, prima facie, that the alleged injury to the plaintiff's left hip was not caused by the accident (see Zennia v Ramsey, 208 AD3d at 735; Luigi v Avis Cab Co., Inc., 96 AD3d 809). Since the defendants failed to establish, prima facie, that the plaintiff did not sustain a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law 5102(d) as a result of the accident, it is unnecessary to consider whether the defendants established that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law 5102(d) as a result of the accident (see Criale v Delfavero, 211 AD3d [*2]905, 906).
Since the defendants failed to meet their prima facie burden, it is not necessary to review the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident was properly denied.
CONNOLLY, J.P., MALTESE, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court