Makhmudova v Shohidulsajal
2026 NY Slip Op 03956
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Fotimakhon Makhmudova, appellant,
v
Islam Shohidulsajal, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2023-00330, (Index No. 716907/20)
Colleen D. Duffy, J.P.
William G. Ford
Laurence L. Love
Donna-Marie E. Golia, JJ.

Law Office of Yuriy Prakhin, P.C., Brooklyn, NY, for appellant.
Baker, McEvoy & Moskovitz (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondents.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Laurentina S. McKetney Butler, J.), dated December 9, 2022. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident and, in effect, upon reargument, and upon, in effect, vacating an order of the same court (Janice A. Taylor, J.) dated April 13, 2022, denying, for failure to submit a proper affidavit of service, the plaintiff's motion for summary judgment on the issue of liability, denied, as academic, the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order dated December 9, 2022, is reversed insofar as appealed from, on the law, with costs, the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied, and the matter is remitted to the Supreme Court, Queens County, for a determination of the timeliness of the defendants' opposition to the plaintiff's motion for summary judgment on the issue of liability, and a determination of the merits of that motion.
In September 2020, the plaintiff commenced this action against the defendants to recover damages for personal injuries that she alleged she sustained when a motor vehicle owned and operated by the defendants struck her as she was walking across a street. The plaintiff thereafter moved for summary judgment on the issue of liability, and the defendants failed to file their opposition before the motion was submitted. In an order dated April 13, 2022, the Supreme Court denied the plaintiff's motion due to a defective affidavit of service. The plaintiff moved for leave to reargue her motion for summary judgment on the issue of liability and submitted, inter alia, a corrected affidavit of service in support of this motion. The defendants opposed the plaintiff's motion and moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated December 9, 2022, the court, among other things, granted the defendants' motion and, in effect, upon reargument, denied, as academic, the plaintiff's motion. The plaintiff [*2]appeals.
The defendants' submissions failed to eliminate triable issues of fact regarding the claims in the bill of particulars that the plaintiff sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see DelGrosso v Ljutich, 242 AD3d 828, 828; Che Hong Kim v Kossoff, 90 AD3d 969, 969). Further, the defendants failed to establish, prima facie, that the injuries to the plaintiff's left ankle were not caused by the accident (see Zennia v Ramsey, 208 AD3d 735, 735; Luigi v Avis Cab Co., Inc., 96 AD3d 809, 809).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
Under the circumstances, we remit the matter to the Supreme Court, Queens County, for a determination of the timeliness of the defendants' opposition to the plaintiff's motion for summary judgment on the issue of liability and a determination of the merits of that motion (see Malta v Culha, 240 AD3d 772, 773; Jones-Parrish v Ranieri, 231 AD3d 795, 796).
DUFFY, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court