Foy v Pieters (2021 NY Slip Op 00153)





Foy v Pieters


2021 NY Slip Op 00153


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-04295
 (Index No. 1357/11)

[*1]Antoinette Foy, plaintiff, Demaris Blair, appellant,
v
Kim Pieters, et al., respondents, et al., defendant.


Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for respondents Kim Pieters and Michael Persaud.
DeSena & Sweeney, LLP, Bohemia, NY (Shawn P. O'Shaughnessy of counsel), for respondent Pauline E. Palmer.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff Demaris Blair appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered March 7, 2019. The order granted the separate motions of the defendant Pauline E. Palmer and the defendants Kim Pieters and Michael Persaud for summary judgment dismissing the complaint insofar as asserted by the plaintiff Demaris Blair against each of them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the separate motions of the defendant Pauline E. Palmer and the defendants Kim Pieters and Michael Persaud for summary judgment dismissing the complaint insofar as asserted by the plaintiff Demaris Blair against each of them are denied.
In this consolidated action, the plaintiffs seek to recover damages for personal injuries arising out of a motor vehicle accident. The defendant Pauline E. Palmer and the defendants Kim Pieters and Michael Persaud (hereinafter collectively the defendants) separately moved for summary judgment dismissing the complaint insofar as asserted by the plaintiff Demaris Blair against each of them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order entered March 7, 2019, the Supreme Court granted the defendants' separate motions. Blair appeals.
The defendants met their prima facie burden of showing that Blair did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the lumbar region of Blair's spine did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance law § 5102(d) [*2](see Staff v Yshua, 59 AD3d 614). In opposition, however, Blair raised a triable issue of fact as to whether she sustained a serious injury to the lumbar region of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 218-219). Contrary to the defendants' contention, the burden did not shift to Blair to raise a triable issue of fact regarding causation or to explain any gap in treatment, as the defendants failed to establish, prima facie, a lack of causation (see Pommells v Perez, 4 NY3d 566, 577-578; Lambropoulos v Gomez, 166 AD3d 952).
Accordingly, the Supreme Court should have denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted by Blair against each of them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
AUSTIN, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court