Almady v Martinez (2022 NY Slip Op 04890)

Almady v Martinez

2022 NY Slip Op 04890

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2020-05439
 (Index No. 51094/18)

[*1]Ahmed M. Almady, plaintiff, Hanin Elhassanin, appellant, 
v
Marissa A. Martinez, et al., respondents.

Basch & Keegan, LLP, Kingston, NY (Derek J. Spada of counsel), for appellant.
Keane & Bernheimer, PLLC, Valhalla, NY (Samantha L. Cruzado of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff Hanin Elhassanin appeals from an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated January 6, 2020. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Hanin Elhassanin on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Hanin Elhassanin is denied.
The plaintiffs commenced this action to recover damages for personal injuries that they allegedly sustained in a motor vehicle accident that occurred on December 29, 2017. The defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted by the plaintiff Hanin Elhassanin on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated January 6, 2020, the Supreme Court, among other things, granted that branch of the defendants' motion. Elhassanin appeals.
The defendants failed to meet their prima facie burden of showing that Elhassanin did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants failed to submit competent medical evidence establishing, prima facie, that Elhassanin did not sustain a serious injury to the cervical and lumbar regions of her spine and to her shoulders under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d), as the defendants' expert found significant limitations in the range of motion of these body parts (see Singleton v F & R Royal, Inc., 166 AD3d 837, 838; Nuñez v Teel, 162 AD3d 1058, 1059). The expert failed to adequately explain and substantiate, with competent medical evidence, his belief that the limitations were self-imposed (see Mondesir v Ahmed, 175 AD3d 1291; Rivas v Hill, 162 AD3d 809, 810-811). Further, the defendants failed to establish, prima facie, that these alleged injuries were not causally related to the accident (see [*2]generally Jilani v Palmer, 83 AD3d 786, 787). Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the opposing papers were sufficient to raise a triable issue of fact (see Singleton v F & R Royal, Inc., 166 AD3d at 838).
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by Elhassanin.
BRATHWAITE NELSON, J.P., RIVERA, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court