Matveieva v Metropolitan Transp. Auth. (2023 NY Slip Op 00213)

Matveieva v Metropolitan Transp. Auth.

2023 NY Slip Op 00213

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-01989
 (Index No. 504439/17)

[*1]Kateryna Matveieva, appellant, 
v
Metropolitan Transportation Authority, et al., respondents.

William Pager, Brooklyn, NY, for appellant.
Anna J. Ervolina (Gallo Vitucci & Klar, LLP, New York, NY [Yolanda L. Ayala], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rosemarie Montalbano, J.), dated February 10, 2021. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in a motor vehicle accident that occurred on October 22, 2016. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated February 10, 2021, the Supreme Court granted the defendants' motion, and the plaintiff appeals.
The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants failed to submit competent medical evidence establishing, prima facie, that the plaintiff did not sustain a serious injury to the cervical and lumbar regions of her spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d). The defendants' experts found significant limitations in the range of motion of the cervical and lumbar regions of the plaintiff's spine and failed to adequately explain and substantiate, with competent medical evidence, their beliefs that the limitations were self-imposed (see Mondesir v Ahmed, 175 AD3d 1291; Singleton v F & R Royal, Inc., 166 AD3d 837, 838; Rivas v Hill, 162 AD3d 809, 810-811). Further, the defendants failed to establish, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine were not caused by the subject accident (see generally Jilani v Palmer, 83 AD3d 786, 787).
Since the defendants failed to meet their prima facie burden, it is unnecessary to [*2]determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d 969).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court