Skeldon v Faessler (2023 NY Slip Op 04390)

Skeldon v Faessler

2023 NY Slip Op 04390

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-06508
 (Index No. 611112/19)

[*1]James Skeldon, appellant, 
v
Ronald F. Faessler, respondent, et al., defendants (and a third-party action).

The Bongiorno Law Firm, P.C. (Edelstein & Grossman, New York, NY [Jonathan I. Edelstein], of counsel), for appellant.
Jennifer S. Adams, Yonkers, NY (Jaret S. SanPietro of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated August 19, 2021. The order, insofar as appealed from, granted the motion of the defendant Ronald F. Faessler for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and denied, as academic, the plaintiff's cross-motion for summary judgment on the issue of liability against the defendant Ronald F. Faessler.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendant Ronald F. Faessler for summary judgment dismissing the complaint insofar as asserted against him is denied, and the plaintiff's cross-motion for summary judgment on the issue of liability against the defendant Ronald F. Faessler is granted.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when motor vehicles operated by the plaintiff and the defendant Ronald F. Faessler (hereinafter the defendant) collided at an intersection. The defendant moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The plaintiff opposed the defendant's motion, and cross-moved for summary judgment on the issue of liability against the defendant. In an order dated August 19, 2021, the Supreme Court, inter alia, granted the defendant's motion and denied, as academic, the plaintiff's cross-motion. The plaintiff appeals.
The Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him. The defendant met his prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine do not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d [*2]614). In opposition, however, the plaintiff submitted medical evidence sufficient to raise a triable issue of fact as to whether he sustained serious injuries to the cervical and lumbar regions of his spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208; Estrella v GEICO Ins. Co., 102 AD3d 730, 732). Moreover, contrary to the defendant's contention, he failed to establish, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine were not caused by the subject accident (see Navarro v Afifi, 138 AD3d 803, 804). The burden, therefore, did not shift to the plaintiff to raise a triable issue of fact as to causation or to explain any gap in treatment (see Pommells v Perez, 4 NY3d 566, 572; Isidor v Banks, 208 AD3d 462, 463; Foy v Pieters, 190 AD3d 700, 701). Accordingly, the court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
The Supreme Court denied, as academic, the plaintiff's cross-motion for summary judgment on the issue of liability against the defendant. Since the merits of the cross-motion were litigated by the parties in the Supreme Court and briefed by the parties in this Court, we address the cross-motion in the interest of judicial economy (see Xin Fang Xia v Saft, 177 AD3d 823, 825; Buchanan v Keller, 169 AD3d 989, 991).
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034). "To be entitled to summary judgment on the issue of a defendant's liability, a plaintiff does not bear the burden of establishing the absence of his or her own comparative negligence" (Maliakel v Morio, 185 AD3d 1018, 1019; see Rodriguez v City of New York, 31 NY3d 312, 324-325).
"[A] violation of a standard of care imposed by the Vehicle and Traffic Law constitutes negligence per se" (E.B. v Gonzalez, 208 AD3d 618, 619 [internal quotation marks omitted]; see Orellana v Mendez, 208 AD3d 888, 889). Vehicle and Traffic Law § 1142(a) provides, inter alia, that "every driver of a vehicle approaching a stop sign shall stop . . . and after having stopped shall yield the right of way to any vehicle which has entered the intersection from another highway or which is approaching so closely on said highway as to constitute an immediate hazard during the time when such driver is moving across or within the intersection."
"If one party has established that the other party has committed negligence per se, the burden then falls to the opposing party to submit a nonnegligent explanation for the action" (Orellana v Mendez, 208 AD3d at 889). "A driver who has the right-of-way is entitled to anticipate that other drivers will obey traffic laws that require them to yield . . . [and] 'has a duty to exercise reasonable care to avoid a collision [and] to see what there is to be seen through the proper use of his or her senses'" (id., quoting Ballentine v Perrone, 179 AD3d 993, 994 [citation omitted]; see Kruter v United Parcel Serv. Gen. Servs. Co., 210 AD3d 671, 672).
Here, the plaintiff's submissions demonstrated, prima facie, that the defendant violated Vehicle and Traffic Law § 1142(a) by failing to yield the right-of-way to the plaintiff's vehicle in the intersection after facing a stop sign, while the plaintiff faced no traffic control device at the intersection (see Orellana v Mendez, 208 AD3d at 890; Belle-Fleur v Desriviere, 178 AD3d 993, 995; Balladares v City of New York, 177 AD3d 942, 944; Enriquez v Joseph, 169 AD3d 1008, 1009). In opposition to the plaintiff's prima facie showing, the defendant failed to offer a nonnegligent explanation for his violation of Vehicle and Traffic Law § 1142(a) (see Orellana v Mendez, 208 AD3d at 890). Accordingly, the Supreme Court should have granted the plaintiff's cross-motion for summary judgment on the issue of liability against the defendant.
The parties' remaining contentions are either without merit or need not be reached in light of our determination.
BARROS, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court