Z. H. B. v Sica (2023 NY Slip Op 05486)

Z. H. B. v Sica

2023 NY Slip Op 05486

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2021-07733
 (Index No. 518407/17)

[*1]Z. H. B., etc., et al., appellants,
v
Michael Sica, et al., respondents.

Liakas Law, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kelly A. Breslauer], of counsel), for appellants.
Hammill, O'Brien, Croutier, Dempsey, Pender & Koehler, P.C., Syosset, NY (Anton Piotroski of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated October 1, 2021. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Zakiya B., individually, on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Zakiya B., individually, is denied.
The plaintiffs commenced this action to recover damages for personal injuries that they allegedly sustained in a motor vehicle accident. The defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted by the plaintiff Zakiya B., individually, on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated October 1, 2021, the Supreme Court, inter alia, granted that branch of the motion. The plaintiffs appeal.
The defendants failed to meet their prima facie burden of showing that Zakiya B. did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants failed to submit competent medical evidence establishing, prima facie, that Zakiya B. did not sustain a serious injury to the lumbar region of her spine under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Zennia v Ramsey, 208 AD3d 735, 735; Melika v Caraballo, 187 AD3d 1173, 1173). The defendants' expert found a significant limitation in the range of motion of the lumbar region of Zakiya B.'s spine and failed to adequately explain and substantiate his opinion that the limitation was voluntary (see Matveieva v Metropolitan Transp. Auth., 212 AD3d 726; Mondesir v Ahmed, 175 AD3d 1291). Furthermore, the defendants' submissions failed to eliminate triable issues of fact regarding the plaintiffs' claims, set forth in the bill of particulars, that Zakiya B. sustained a serious injury under [*2]the 90/180-day category of Insurance Law § 5102(d) (see Che Hong Kim v Kossoff, 90 AD3d 969; Rouach v Betts, 71 AD3d 977; cf. Richards v Tyson, 64 AD3d 760, 761).
Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Che Hong Kim v Kossoff, 90 AD3d at 969).
We need not reach the parties' remaining contentions in light of our determination.
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by Zakiya B., individually.
BARROS, J.P., WOOTEN, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court