De Castillo v Reado (2024 NY Slip Op 04195)

De Castillo v Reado

2024 NY Slip Op 04195

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2023-06687
 (Index No. 601237/20)

[*1]Marisol Ramos De Castillo, appellant, 
v
Charity Reado, respondent.

Chopra & Nocerino, LLP, Garden City, NY (Alex Nocerino of counsel), for appellant.
Rothenberg & Romanek, Garden City, NY (Pamela Jean Cullington of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Sarika Kapoor, J.), entered May 5, 2023. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, with costs, that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied, so much of the order as denied, as academic, that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that she was not at fault in the happening of the accident is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a determination on the merits of that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that she was not at fault in the happening of the accident.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident. The defendant moved for summary judgment dismissing the complaint on the grounds that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident and that the defendant was not at fault in the happening of the accident. In an order entered May 5, 2023, the Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident, and denied, as academic, that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that she was not at fault in the happening of the accident. The plaintiff appeals.
The defendant met her prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance [*2]Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained serious injuries to the cervical and lumbar regions of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208). Contrary to the Supreme Court's determination, the plaintiff was not required to submit evidence of contemporaneous quantitative measurements to raise a triable issue of fact as to whether she sustained a serious injury under the permanent consequential limitation of use and significant limitation of use categories (see id. at 218; Kahvejian v Pardo, 125 AD3d 936, 938).
Moreover, contrary to the defendant's contention, the defendant failed to establish, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine were not caused by the accident (see Skeldon v Faessler, 219 AD3d 851, 853; Navarro v Afifi, 138 AD3d 803, 804). The burden, therefore, did not shift to the plaintiff to raise a triable issue of fact as to causation or to explain any gap in treatment (see Pommells v Perez, 4 NY3d 566, 572; Skeldon v Faessler, 219 AD3d at 853).
The parties' remaining contentions need not be addressed in light of our determination.
Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. We remit the matter to the Supreme Court, Nassau County, for a determination of that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that she was not at fault in the happening of the accident (see Epstein v Kachar, 166 AD3d 579, 580).
BRATHWAITE NELSON, J.P., MILLER, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court