Baptiste v New York City Tr. Auth. (2024 NY Slip Op 04238)

Baptiste v New York City Tr. Auth.

2024 NY Slip Op 04238

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2023-04904
 (Index No. 710448/18)

[*1]Yolette Baptiste, appellant, 
v
New York City Transit Authority, et al., respondents.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Morris Duffy Alonso Faley & Pitcoff, New York, NY (Iryna S. Krauchanka, Andrea M. Alonso, and Robert S. Whitbeck of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Mojgan Cohanim Lancman, J.), entered April 24, 2023. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order entered April 24, 2023, the Supreme Court granted the motion. The defendants appeal, and we reverse.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained serious injuries to the cervical and lumbar regions of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208).
Contrary to the contention of the defendants and the determination of the Supreme Court, the defendants failed to establish, prima facie, that the plaintiff's injuries were not caused by the accident. Therefore, the burden did not shift to the plaintiff to raise a triable issue of fact as to causation or to explain any gap in treatment (see Pommells v Perez, 4 NY3d 566, 572; Skeldon v Faessler, 219 AD3d 851, 853).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court