Valdez v Classic Hauling, LLC (2024 NY Slip Op 06578)

Valdez v Classic Hauling, LLC

2024 NY Slip Op 06578

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2021-01097
2021-06907
 (Index No. 512183/17)

[*1]Priscilla Valdez, et al., appellants, 
v
Classic Hauling, LLC, et al., respondents.

Cherny & Podolsky, PLLC, Brooklyn, NY (Mari Milorava-Kelman of counsel), for appellants.
Maroney O'Connor LLP, New York, NY (Darian A. Bryan of counsel), for respondents Classic Hauling, LLC, and Gilberto Herrera-Echavarria.
Baker, McEvoy & Moskovits, P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondent Antonio Valdez.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Bruce M. Balter, J.), dated April 20, 2020, and (2) an order of the same court (Devin P. Cohen, J.) dated August 31, 2021. The order dated April 20, 2020, granted the motion of the defendant Antonio Valdez for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The order dated August 31, 2021, insofar as appealed from, granted the motion of the defendants Classic Hauling, LLC, and Gilberto Herrera-Echavarria pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order dated April 20, 2020, is reversed, on the law, and the motion of the defendant Antonio Valdez for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied; and it is further,
ORDERED that the order dated August 31, 2021, is reversed insofar as appealed from, on the law, and the motion of the defendants Classic Hauling, LLC, and Gilberto Herrera-Echavarria pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs, payable by the respondents appearing separately and filing separate briefs.
The plaintiffs commenced this action to recover damages for personal injuries that they allegedly sustained when the vehicle in which they were traveling, which was owned and operated by the defendant Antonio Valdez (hereinafter Antonio), collided with a vehicle operated [*2]by the defendant Gilberto Herrera-Echavarria and owned by the defendant Classic Hauling, LLC (hereinafter together the Classic Hauling defendants). Antonio moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated April 20, 2020, the Supreme Court granted the motion. Thereafter, the Classic Hauling defendants moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the ground that, in granting Antonio's motion, the court determined that none of the plaintiffs had sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident and that this determination had become the law of the case. In an order dated August 31, 2021, the court, inter alia, granted the motion. The plaintiffs appeal from both orders.
The Supreme Court should have denied Antonio's motion for summary judgment dismissing the complaint insofar as asserted against him. Antonio failed to meet his prima facie burden of showing that the plaintiffs Priscilla Valdez (hereinafter Priscilla) and Fabiola Genao de Valdez (hereinafter Fabiola) did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). Antonio failed to submit competent medical evidence establishing, prima facie, that Priscilla did not sustain a serious injury to the lumbar region of her spine under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) or that Fabiola did not sustain a serious injury to her right knee under these categories (see Zennia v Ramsey, 208 AD3d 735, 735; Melika v Caraballo, 187 AD3d 1173, 1173; Staubitz v Yaser, 41 AD3d 698, 699). Further, Antonio failed to establish, prima facie, that these injuries were not caused by the accident (see Zennia v Ramsey, 208 AD3d at 735; Luigi v Avis Cab Co., Inc., 96 AD3d 809; Reyes v Diaz, 82 AD3d 484). The burden, therefore, did not shift to the plaintiffs to raise a triable issue of fact as to causation or to explain any gap in treatment with respect to Priscilla and Fabiola (see Skeldon v Faessler, 219 AD3d 851, 853; Isidor v Banks, 208 AD3d 462, 463; Foy v Pieters, 190 AD3d 700, 701).
Antonio also failed to meet his prima facie burden of showing that the plaintiff Yamilka Genao did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. Antonio's submissions failed to eliminate triable issues of fact regarding Genao's claims, set forth in the bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Z.H.B. v Sica, 221 AD3d 575, 576; Che Hong Kim v Kossoff, 90 AD3d 969; Rouach v Betts, 71 AD3d 977). Further, Antonio failed to establish, prima facie, that Genao's injuries were not caused by the accident (see Navarro v Afifi, 138 AD3d 803, 804). The burden, therefore, did not shift to the plaintiffs to raise a triable issue of fact as to causation or to explain any gap in treatment with respect to this plaintiff (see id. at 804-805; Skeldon v Faessler, 219 AD3d at 853).
Antonio also failed to meet his prima facie burden of showing that the plaintiff Deanesse Stamp Castillo did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. Antonio's submissions failed to eliminate triable issues of fact regarding Castillo's claims, set forth in the bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Z.H.B. v Sica, 221 AD3d at 576; Che Hong Kim v Kossoff, 90 AD3d 969; Rouach v Betts, 71 AD3d 977). Moreover, in opposition, the plaintiffs raised a triable issue of fact as to whether Castillo's injuries were caused by the accident (see Diamond v Comins, 219 AD3d 973, 974; Ramirez v L-T. & L. Enter., Inc., 189 AD3d 1636, 1638; Diaz-Montez v JEA Bus Co., Inc., 175 AD3d 1384, 1386). Contrary to Antonio's contentions, the plaintiffs provided an adequate explanation for the gap in Castillo's treatment, as the plaintiffs' medical evidence demonstrated, in effect, that Castillo's injuries were permanent and that any treatment received would be merely palliative in nature (see Jean-Baptiste v Tobias, 88 AD3d 962, 962-963; Park v He Jung Lee, 84 AD3d 904, 905; Black v Robinson, 305 AD2d 438, 439-440). Accordingly, the Supreme Court should have denied Antonio's motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
Since the Supreme Court should have denied Antonio's motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident, the court also should have denied the Classic Hauling defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them based upon the law of the case doctrine.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., CHAMBERS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court