Brown v Saczawa (2025 NY Slip Op 50159(U))

[*1]

Brown v Saczawa

2025 NY Slip Op 50159(U)

Decided on February 14, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 14, 2025
Supreme Court, Kings County

Curtis Brown and SHALISA BLAND, Plaintiffs,

against
Robert J. Saczawa, and CLEAVEELAN AMBOIS and SUSAN J. AMBRIS, Defendants.

Index No. 507585/2021

Friedman Sanchez, LLP, Brooklyn, for plaintiffs.
Martin, Smith, Murray & Yong, Hauppauge, for defendant Robert J. Saczawa.

Aaron D. Maslow, J.

The following numbered papers were used on this motion:
Submitted by Defendant Saczawa in Support of Motion
NYSCEF Doc Nos. 40-50
Submitted by Plaintiff in Opposition
NYSCEF Doc Nos. 57-68
Submitted by Defendant Saczawa in Reply
NYSCEF Doc No. 69
 Introduction
Upon the foregoing papers, the Court having elected to determine the within motion on submission pursuant to 22 NYCRR 202.8-f and IAS Part 2 Rules, Part II (Motions & Special Proceedings), Subpart C (Appearances & Post-Order Matters), Section 6 (Personal Appearances) ("All motions presumptively are to be argued in person unless the Court informs the parties at least two days in advance that it has made a sua sponte determination that a motion will be determined on submission."), and due deliberation having been had thereon, the motion is determined as follows.
Plaintiffs Curtis Brown and Shalisa Bland commenced this action seeking to recover for personal injuries they allegedly sustained in a motor vehicle accident on April 14, 2018, when [*2]the vehicle operated by Brown, in which Bland was a passenger, was involved in accident with vehicles operated by Defendants Robert J. Saczawa and Susan J. Ambris. The Ambris-operated vehicle was owned by Defendant Cleaveelan Ambois (see NYSCEF Doc No. 43, complaint).
Defendant Saczawa now moves for summary judgment dismissing the complaint on the asserted ground that plaintiffs did not sustain a serious injury as defined in Insurance Law § 5102 (d), as required by Insurance Law § 5104 (a) (see NYSCEF Doc No. 40, notice of motion). The latter provides in pertinent part: "Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss" (Insurance Law § 5104 [a]). " 'Serious injury' means a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment" (id. § 5102 [d]).

Discussion
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]).
The issue of whether a claimed injury falls within the statutory definition of "serious injury" is a question of law for the Court, which may be decided on a motion for summary judgment (see Licari v Elliott, 57 NY2d 230 [1982]). Moving defendant bears the initial burden of establishing, by the submission of evidentiary proof in admissible form, a prima facie case that a plaintiff has not sustained a serious injury from the subject motor vehicle accident as a matter of law, i.e., that there are no material issues of fact (see Toure v Avis Rent A Car Sys., Inc., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). A failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
If the moving defendant has made such a showing that a plaintiff has not suffered a serious injury from the subject motor vehicle accident as a matter of law, the burden shifts to the plaintiff to submit evidence in admissible form sufficient to create a material issue of fact necessitating a trial (see Franchini v Palmieri, 1 NY3d 536 [2003]; Grasso v Angerami, 79 NY2d 813 [1991]).
In the plaintiffs' bill of particulars, plaintiff Brown alleged injuries to the cervical, thoracic, and lumbar areas of his spine, right shoulder, left elbow, right and left wrists, and right knee (see NYSCEF Doc No. 44, bill of particulars § 4). Plaintiff Bland alleged injuries to the cervical, thoracic, and lumbar areas of her spine, left shoulder, left hand, left wrist, left thumb, and right wrist (see id.). The categories of serious injury claimed by both plaintiffs were dismemberment; significant disfigurement; a fracture; permanent loss of use of a body organ, [*3]member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment (see id. § 6).
In moving for summary judgment, defendant Saczawa relied on affirmed independent medical examination (IME) reports. Dr. John L. Xethalis, a board certified orthopedic surgeon, examined plaintiff Brown on March 19, 2024. Notably, while certain body parts examined were found to have no limitations, Dr. Xethalis did find limited ranges of motion as follows:

Body Part

Movement

Degrees on Movement

Normal Degrees

Resulting Percentage 

 Limitation

Cervical spine

Flexion

40

50

20%

Extension

40

60

33%

Right lateral flexion

30

45

33%

Left lateral flexion

30

45

33%

Right rotation

70

80

13%

Left rotation

70

80

13%

Lumbar spine

Flexion

50

60

17%

Extension

20

25

20%

Right lateral bending

20

25

20%

Left lateral bending

20

25

20%

Right shoulder

Forward flexion

120

180

33%

Abduction

130

180

28%

Adduction

20

30

33%

Internal rotation

60

80

25%

External rotation

70

90

22%

Right knee

Flexion

100

150

33%

(See NYSCEF Doc No. 50, Xethalis aff rpt at 3-6.)
Dr. Gregory Galano, likewise a board certified orthopedic surgeon, examined plaintiff Bland on August 5, 2024. Similarly, while certain body parts examined were found to have no limitations, Dr. Galano did find limited ranges of motion as follows:

Body Part

Movement

Degrees on Movement

Normal Degrees

Resulting Percentage 

 Limitation

Cervical spine

Flexion

40

50

20%

Extension

40

60

33%

Right lateral flexion

20

45

56%

Left lateral flexion

20

45

56%

Right rotation

40

80

50%

Left rotation

40

80

50%

Lumbar spine

Flexion

40

60

33%

Extension

10

25

60%

Right lateral bending

15

25

40%

Left lateral bending

15

25

40%

(See NYSCEF Doc No. 49, Galano aff rpt at 4-6.)
A 20% reduction in a movement raises a triable issue of serious injury (see Dufel v Green, 84 NY2d 795 [1995] [jury can find significant limitation or permanent consequential limitation with 20% loss of use]; Kholdarov v Hyman, 165 AD3d 1087 [2d Dept 2018] [cervical flexion]). Hence, the recordation of reductions in plaintiff Brown's cervical spine flexion (20%), lumbar spine extension, right lateral bending, and left lateral bending (20%), and right shoulder external rotation (22%) evidenced significant limitations. Reductions in plaintiff Brown's cervical spine extension, right lateral flexion, and left lateral flexion (33%), right shoulder forward flexion (33%), abduction (28%), adduction (33%), and internal rotation (25%), and right knee flexion (33%) equaled or exceeded the 25% reduction in lumbar range of motion found by defendant's expert in Gentile v Snook (20 AD3d 389 [2d Dept 2005]), where the court held that "the defendant failed to make a prima facie showing that the plaintiff did not sustain a serious injury from the subject accident" (id. at 389; see Tchevskaia v Chase, 15 AD3d 389 [2d Dept 2005] ["affirmation of the defendants' examining orthopedist discloses that the orthopedist actually recorded limitations in the plaintiff's ranges of motion"]). In Curiale v Delfavero (211 AD3d 905 [2d Dept 2022]), it was held, "The defendant failed to submit competent medical evidence establishing, prima facie, that the plaintiff did not sustain a serious injury to the cervical and lumbar regions of her spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d), as the defendant's expert found significant limitations in the range of motion of these body parts.
Nine of Plaintiff Bland's reduced limitations in range of motion testing described above exceeded the 25% reduction in Gentile v Snook.[FN1]

It is noted that Dr. Xethalis wrote regarding plaintiff Brown, "Decreased ranges of motion of the examined body parts are considered subjective in nature as a joint/spine is put through range of motion only to the extent allowed by claimant" (NYSCEF Doc No. 50, Xethalis aff rpt at 7). In similar fashion, Dr. Galano, who examined plaintiff Bland, wrote, "Range of motion and tenderness are subjective" (NYSCEF Doc No. 49, Galano aff rpt at 7). This was remarked upon by moving counsel in his affirmation (see NYSCEF Doc No. 69, Chang aff ¶¶ 6, 8). However, if an examining physician is to claim that recorded limitations are self-imposed, self-restricted, voluntary, or the result of subjective exaggerations, the physician must explain this opinion with objective medical evidence (see Matveieva v Metropolitan Transp. Auth., 212 AD3d 726 [2d Dept 2023]; Almady v Martinez, 208 AD3d 545 [2d Dept 2022]; Salvemini v Twinco Supply Corp., 140 AD3d 941 [2d Dept 2016]; Farrah v Pinos, 103 AD3d 831 [2d Dept 2013]; Cheour v Pete & Sals Harborview Transp., Inc., 76 AD3d 989 [2d Dept 2010]; Cuevas v Compote Cab Corp., 61 AD3d 812 [2d Dept 2009]; Torres v Garcia, 59 AD3d 705 [2d Dept 2009]). Neither Dr. Xethalis nor Dr. Galano did so. As held in Z.H.B. v Sica (221 AD3d 575, 576 [2d Dept 2023]), "The defendants' expert found a significant limitation in the range of motion of the lumbar region of Zakiya B.'s spine and failed to adequately explain and substantiate his opinion that the limitation was voluntary." Therefore, defendant Saczawa's IME doctors, who both opined that the diagnosed injuries were causally related to the subject motor vehicle accident (see NYSCEF Doc Nos. 50, Xethalis aff rpt at 7; 50 Galano aff rpt at 7), [*4]established that the plaintiffs sustained significant limitations and it cannot be deemed that plaintiffs intentionally caused these results.
Additionally, if a defendant's medical expert does not address all body parts claimed to have been injured, as set forth in the bill of particulars, then the defendant has failed to make out a prima facie case in support of its contention that the plaintiff did not sustain a serious injury (see Bright v Moussa, 72 AD3d 859 [2d Dept 2010]; Encarnacion v Smith, 70 AD3d 628 [2d Dept 2010]; Takaroff v A.M. USA, Inc., 63 AD3d 1142 [2d Dept 2009]; Jensen v Nicmanda Trucking, Inc., 47 AD3d 769 [2d Dept 2008]). Dr. Galano did not examine plaintiff Bland's thoracic spine, left thumb, and left hand, all of which were claimed by Bland to have been injured in the April 14, 2018 accident (see NYSCEF Doc No. 44, bill of particulars ¶ 4).
Moving defendant argues that "plaintiff Bland has failed to establish that any claim of injury from this matter is separate and distinct from the pre-existing injuries" (NYSCEF Doc No. 69, Chang aff ¶ 5), which fails to acknowledge that his own IME doctors opined that the diagnosed injuries were causally related to the subject motor vehicle accident (see NYSCEF Doc Nos. 50, Xethalis aff rpt at 7; 50 Galano aff rpt at 7).
The significant limitation category of serious injury requires a duration which need not be continuing up to the present time (see Strong v Sigman, 224 AD3d 932 [2d Dept 2024]; Estrella v GEICO Ins. Co., 102 AD3d 730 [2d Dept 2013]). At least, up until March 19, 2024, as documented by Dr. Xethalis, plaintiff Brown had sustained significant limitations in body functions or a system proximately resulting from the April 14, 2018 motor vehicle accident. Plaintiff Bland also had sustained significant limitations in body functions or a system proximately resulting from the April 14, 2018 motor vehicle accident, at least until the August 5, 2024 examination by Dr. Galano.
Defendant Saczawa, having failed to make out a prima facie case that plaintiff did not sustain a significant limitation of a body function or system proximately caused by the motor vehicle accident at issue, it cannot be said that plaintiff failed to establish a serious injury as a matter of law. Said defendant's failure to make out the necessary prima facie case requires denial of his motion, regardless of the sufficiency of the opposing papers submitted by plaintiffs (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851). Consequently, the Court need not determine whether defendants ruled out any other categories of serious injury claimed by plaintiffs (such as permanent consequential imitation and 90/180), and defendants' motion must be denied (see Santos v Fiktus, 232 AD3d 698 [2d Dept 2024]; Detoma v Dobson, 214 AD3d 949 [2d Dept 2023]; Curiale v Delfavero, 211 AD3d 905 [2d Dept 2022]; O'Neill v O'Neill, 261 AD2d 459 [2d Dept 1999]).

Searching the Record
"While the overwhelming bulk of summary judgment motions based upon the Insurance Law serious injury threshold are filed by defendants seeking the dismissal of complaints, nothing prevents plaintiffs from affirmatively seeking summary judgment on serious injury on the basis of their claimed serious injuries as supported by proper and adequate evidence" (Damas v Valdes, 84 AD3d 87, 93 [2d Dept 2011]). A plaintiff moving for summary judgment on the issue of serious injury must establish, prima facie, that he or she sustained a serious injury within the meaning of Insurance Law § 5102 (d) and "that the [serious] injury was causally related to the accident" (Degachi v Faridi, 215 AD3d 733 [2d Dept 2023] [internal quotation marks [*5]omitted]). Indeed, although plaintiffs did not move for summary judgment, in the course of defendant Saczawa moving for summary judgment dismissing the complaint, defendant Saczawa's IME doctors did prove that plaintiffs sustained a significant limitation of a body function or system.
As noted above, the issue of whether a claimed injury falls within the statutory definition of "serious injury" is a question of law for the court, which may be decided on a motion for summary judgment (see Licari v Elliott, 57 NY2d 230).
CPLR 3212, governing motions for summary judgment, states at the end of subdivision (b): "If it shall appear that any party other than the moving party is entitled to a summary judgment, the court may grant such judgment without the necessity of a cross-motion" (CPLR 3212 [b]). No notice to the nonmoving party is necessary, i.e., a court may search the record and award summary judgment to a nonmoving party sua sponte (see Kenneths Fine Repairs, LLC v State of New York, 133 AD3d 1181 [3d Dept 2015]). Searching the record to grant summary judgment to a nonmoving party affords an expedient resolution of a claim in that party's favor once the court has determined the party is entitled to relief (see Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 112 [1984]).
This Court previously observed:
In a situation where, as here, the defendant proved through his own medical expert that the plaintiff sustained a serious injury in the form of a "permanent consequential limitation of use of a body organ or member" (Insurance Law § 5102 [d]), the court system should not be burdened with a superfluous motion by plaintiff for summary judgment on the issue of serious injury; as it is the court system is struggling to deal with the backlog of cases resulting from the 2020-2022 COVID-19 pandemic. At trial, the court should not have to undergo the burden of explaining the serious injury concept to the jury and the jury should not have to consider it on the verdict sheet, when defendant's own expert provided an affidavit substantiating that plaintiff sustained a serious injury as defined in the Insurance Law. (Horodova v Richard, 84 Misc 3d 335, 354 [Sup Ct, Kings County 2024]).
"Given the objective medical evidence proffered with regard to plaintiff's cervical injuries, including comparison of the preaccident CT scan and postaccident MRI of plaintiff's cervical spine, the quantitative evidence with respect to plaintiff's diminished range of motion and the medical opinions of both Seigel and Foster that such injuries were causally related to the August 2012 accident, we find no error with Supreme Court's determination that plaintiff was entitled to summary judgment on the issue of serious injury under the significant limitation of use category (see Toure v Avis Rent A Car Sys., 98 NY2d at 350; McHugh v Marfoglia, 65 AD3d 828, 829 [2009])" (Kesick v Burns-Leader, 169 AD3d 1313, 1318 [3d Dept 2019]). Similarly, in the case at bar, defendant Saczawa's IME doctors have established that plaintiffs sustained a significant limitation of a body function or system proximately caused by the April 14, 2018 motor vehicle accident at issue. Policy considerations related above and notions of equity compel this Court to search the record and grant summary judgment to plaintiffs on the issue of serious injury. This is the identical issue placed in dispute before the court by defendant (cf. Allen v New York City Tr. Auth., 192 AD3d 951 [2d Dept 2021]). Plaintiff is entitled to damages for all injuries to her body parts (see Linton v Nawaz, 14 NY3d 821 [2010]; O'Neill v [*6]O'Neill, 261 AD2d 459 [2d Dept 1999]; Prieston v Massaro, 107 AD2d 742 [2d Dept 1985]).

Conclusion
IT IS HEREBY ORDERED that defendant Saczawa's motion for summary judgment dismissing plaintiffs' complaint on the asserted ground that they failed to sustain a serious injury from the subject motor vehicle accident is DENIED.
Upon searching the record, IT IS HEREBY FURTHER ORDERED that plaintiffs are granted summary judgment on the issue of having sustained a serious injury in the form of a significant limitation of a body function or system proximately caused by the April 14, 2018 motor vehicle accident at issue; plaintiffs are relieved of the burden of proving a serious injury at trial, and, at any trial on damages, plaintiffs shall be entitled to recover for all injuries proved to have proximately been caused by the said accident.

Footnotes

Footnote 1: While moving counsel argued that "A range of motion that is only minimal or mild is not sufficient to establish a serious injury" (NYSCEF Doc No. 69, Chang aff ¶ 9), the limitations documented by Dr. Xethalis and Dr. Galano cannot be described as minimal or mild.