Lyndor v Cezario (2026 NY Slip Op 01503)

Lyndor v Cezario

2026 NY Slip Op 01503

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2023-04254
 (Index No. 602099/20)

[*1]Charline Lyndor, appellant, 
vJohn F. Cezario, et al., defendants third-party plaintiffs-respondents; Marie C. St. Aime, third-party defendant-respondent.

William Schwitzer & Associates, P.C., New York, NY (Travis K. Wong of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for defendants third-party plaintiffs-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered April 4, 2023. The order granted the motion of the defendants third-party plaintiffs for summary judgment dismissing the complaint, and the separate motion of the third-party defendant for summary judgment dismissing the complaint, on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with one bill of costs payable by the defendants third-party plaintiffs and the third-party defendant, and the motion of the defendants third-party plaintiffs for summary judgment dismissing the complaint, and the separate motion of the third-party defendant for summary judgment dismissing the complaint, on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident are denied.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident. The defendants third-party plaintiffs, John F. Cezario and JFC Construction, Inc. (hereinafter the construction defendants), moved for summary judgment dismissing the complaint, and the third-party defendant, Marie C. St. Aime (hereinafter together with the construction defendants, the movants), separately moved for summary judgment dismissing the complaint, on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order entered April 4, 2023, the Supreme Court granted the separate motions. The plaintiff appeals.
The movants met their prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., Inc., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The movants demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiff raised a [*2]triable issue of fact as to whether she sustained serious injuries to her left shoulder, left knee, and the cervical and lumbar regions of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) and whether the alleged injuries were caused by the accident (see Ramkumar v Grand Style Transp. Enters. Inc., 22 NY3d 905, 906-907; Perl v Meher, 18 NY3d 208). Further, the movants' submissions failed to eliminate triable issues of fact regarding the plaintiff's claims, set forth in the bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Valdez v Classic Hauling, LLC, 233 AD3d 959, 960-961; Z.H.B. v Sica, 221 AD3d 575, 576; Che Hong Kim v Kossoff, 90 AD3d 969).
The construction defendants' remaining contentions are without merit.
Accordingly, the Supreme Court should have denied the movants' separate motions for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
IANNACCI, J.P., CHRISTOPHER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court