Daley v P.J. Jennette-Mingo (2022 NY Slip Op 03226)





Daley v P.J. Jennette-Mingo


2022 NY Slip Op 03226


Decided on May 18, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2020-06877
 (Index No. 610244/18)

[*1]Kelia Daley, appellant,
v
P.J. Jennette-Mingo, respondent.


Cellino Law LLP, Melville, NY (Joshua B. Sandberg of counsel), for appellant.
Martyn, Martyn, Smith, Murray & Yong, Mineola, NY (Megan C. Brady of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered September 3, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident that occurred on May 15, 2017. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order entered September 3, 2020, the Supreme Court granted the defendant's motion, and the plaintiff appeals.
On appeal, the plaintiff does not challenge the Supreme Court's determination that the defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957; Sylvain v Maurer, 165 AD3d 1203, 1204).
However, contrary to the defendant's contention, the plaintiff raised triable issues of fact as to whether she sustained serious injuries to the cervical and lumbar regions of her spine under the significant limitation of use category of Insurance Law § 5102(d), and as to whether these alleged injuries were caused by the accident (see Perl v Meher, 18 NY3d 208, 217-219; Estrella v GEICO Ins. Co., 102 AD3d 730, 731-732; Jilani v Palmer, 83 AD3d 786, 787).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., IANNACCI, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court