Medina v Hernandez (2025 NY Slip Op 03318)

Medina v Hernandez

2025 NY Slip Op 03318

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2023-05698
 (Index No. 504979/19)

[*1]David Medina, plaintiff, 
v
Jesus Hernandez, appellant, Sharon Cruz, et al., defendants, Faisal Ashiq, respondent.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Nancy L. Isserlis (The Zweig Law Firm, P.C., Cedarhurst, NY [Jonah S. Zweig], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff Jesus Hernandez appeals from an order of the Supreme Court, Kings County (Aaron D. Maslow, J.), dated March 15, 2023. The order granted the motion of the defendant Faisal Ashiq for summary judgment dismissing the amended complaint insofar as asserted against him by the plaintiff Jesus Hernandez on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Faisal Ashiq for summary judgment dismissing the amended complaint insofar as asserted against him by the plaintiff Jesus Hernandez is denied.
The plaintiffs commenced this action to recover damages for personal injuries that they allegedly sustained in a motor vehicle accident. The defendant Faisal Ashiq (hereinafter the defendant) moved for summary judgment dismissing the amended complaint insofar as asserted against him by the plaintiff Jesus Hernandez on the ground that Hernandez did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated March 15, 2023, the Supreme Court granted the motion. Hernandez appeals.
On appeal, Hernandez does not challenge the Supreme Court's determination that the defendant met his prima facie burden of showing that Hernandez did not sustain a serious injury under the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). However, Hernandez correctly contends that, in opposition, he raised a triable issue of fact as to whether he sustained a serious injury to the cervical and lumbar regions of his spine under the permanent consequential limitation of use category (see Perl v Meher, 18 NY3d 208, 217-219; Daley v Jennette-Mingo, 205 AD3d 878, 878-879). Further, the defendant failed to establish, prima facie, that the alleged injuries to the cervical and lumbar regions of Hernandez's spine were not caused by the accident, and the burden therefore did not shift to Hernandez to raise a triable issue of fact as to causation (see [*2]Baptiste v New York City Tr. Auth., 230 AD3d 629, 630; Skeldon v Faessler, 219 AD3d 851, 853) or to explain any gap in treatment (see Cortez v Nugent, 175 AD3d 1383, 1384).
We need not reach Hernandez's remaining contentions in light of our determination.
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the amended complaint insofar as asserted against him by Hernandez on the ground that Hernandez did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
CHAMBERS, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court